

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MWG:SHP
F. #2025R00489

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 23, 2025

By E-Mail and ECF

Charles Millioen, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Email: Charles_Millioen@fd.org

      Re:    United States v. Anthony Salvatore Perri
                Criminal Docket No. 25-279 (SRU)

Dear Counsel:

      Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The discovery has been transmitted by USAfx, a file-sharing system. Please promptly download the materials and confirm in writing to the government that you were able to do so. The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

    Please find enclosed the following materials:

- Audio recordings of two voicemails left by the defendant on August 2, 2025, bearing Bates numbers EDNY_000001-EDNY_000002.

- Reports prepared by the United States Attorney's Office concerning two voicemails left by the defendant on August 2, 2025, which include transcripts of the voicemails, bearing Bates numbers EDNY_000003-EDNY_000006.

- A report prepared by the United States Marshals Service containing a synopsis of a phone conversation between the defendant and a Deputy

United States Marshal occurring on or about August 15, 2025, bearing Bates numbers EDNY_000007-EDNY_000009.

B. <u>The Defendant's Criminal History</u>

Please find enclosed a copy of the defendant's criminal history reports, bearing Bates numbers EDNY_000010-EDNY_000039.

C. <u>Documents and Tangible Objects</u>

Please find enclosed the following materials:

- AT&T records relating to a telephone number ending in -1867, bearing Bates numbers EDNY_000040-EDNY_000839.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

G. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

     The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

     The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

     The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

     Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

     The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). Although it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by October 6, 2025. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

     If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

3

      Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                               Very truly yours,

                                               JOSEPH NOCELLA, JR.
                                               United States Attorney

                By:    <u>/s/ Stephen H. Petraeus</u>
                         Stephen H. Petraeus
                         Assistant U.S. Attorney
                         (718) 254-6352

Enclosures

cc:    Clerk of the Court (SRU) (by ECF) (without enclosures)