

U.S. Department of Justice

United States Attorney
Eastern District of New York

MWG:MFS
F. #202500489

271 Cadman Plaza East
Brooklyn, New York 11201

December 8, 2025

<u>By ECF and Email</u>

The Honorable Stefen R. Underhill
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

      Re:    United States v. Anthony Salvatore Perri
             <u>Criminal Docket Nos. 25-279, 25-366 (SRU)</u>

Dear Judge Underhill:

      The government respectfully writes in advance of the hearing on December 19, 2025, regarding the defendant's request to proceed <u>pro se</u> in the above-captioned matters.

      As the Court is aware, the defendant has the right, under the Sixth Amendment, "to defend himself without the assistance of counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver." <u>United States v. Tracy</u>, 12 F.3d 1186, 1191 (2d Cir. 1993) (citing <u>Faretta v. California</u>, 422 U.S. 806, 835-46 (1975)). The determination of whether a defendant's choice to proceed <u>pro se</u> is "knowing and intelligent depends on the particular facts and circumstances of the case, including the background, experience, and conduct of the accused." <u>Id.</u> (internal citations and marks omitted). "The [C]ourt should strive for a full and calm discussion with the defendant in order to satisfy itself that [the defendant] has the requisite capacity to understand and sufficient knowledge to make a rational choice." <u>Id.</u> (internal citations and marks omitted).

      Whether a defendant "must be allowed to represent himself . . . requires answers to two principal questions: whether the defendant is competent to represent himself . . . and whether the request to proceed <u>pro se</u> is genuine[.]" <u>United States v. Barnes</u>, 693 F.3d 261, 270 (2d Cir. 2012) (internal marks and citations omitted).

Consistent with the foregoing, at the hearing, the government respectfully asks the Court to pose the following questions to the defendant (in addition to any other questions the Court or current defense counsel may wish to pose):[1]

1. You have a constitutional right to be represented by an attorney at every stage of this proceeding. Do you understand that?

2. Do you understand that, if you are unable to afford an attorney, the Court will appoint one on your behalf at no cost to you?

3. You also have a constitutional right to represent yourself, if you so choose. Do you wish to do so in this case?

4. Have you ever studied law?

5. Have you ever been employed in the legal profession?

6. What is the highest level of education you have attained?

7. Have you ever represented yourself in a criminal action?

8. Do you understand that, in total across the two cases in which you are a defendant, you are charged with three counts of threatening a federal judge?

9. Do you understand that if you are found guilty of the charged crimes you could be sentenced to a maximum term of 10 years in prison for each count you are convicted on?

10. Do you understand that if you are found guilty of more than one of these Counts, this court can order that the sentences be served consecutively, that is, one after another?

11. Do you understand that, at sentencing, the Court must impose a special assessment of $100 as to each Count?

12. Do you understand that, at sentencing, the Court may impose a term of supervised release following any term of imprisonment and fines in the amount of up to $250,000 as to each Count?

13. Do you understand that, at sentencing, the Court must may you to pay restitution?

14. Do you understand that, at sentencing, the Court may direct you to forfeit certain assets?

---

[1] Adapted from Benchbook for U.S. Dist. Court Judges (Mar. 2013), at 5-7.

15. Do you understand that there are advisory Sentencing Guidelines that may have an effect on your sentence if you are found guilty?

16. Do you understand that the Sentencing Guidelines are not binding or mandatory in any way, but they are one of the factors that the Court will consider at sentencing?

17. Do you understand that if you choose to represent yourself, you are on your own? I cannot tell you or even advise you how you should handle any aspect of your case.

18. Are you familiar with the Federal Rules of Evidence?

19. Do you understand that the Rules of Evidence govern what evidence may or may not be introduced at trial or at any hearing, that in representing yourself, you must abide by those very technical rules, and that they will not be relaxed for your benefit?

20. Do you agree to abide by the Federal Rules of Evidence if you proceed pro se in this case?

21. Are you familiar with the Rules of Criminal Procedure?

22. Do you understand that those rules govern the way a criminal action is handled at trial or at any hearing, that you are bound by those rules, and that they will not be relaxed for your benefit?

23. Do you agree to abide by the Federal Rules of Criminal Procedure if you proceed pro se in this case?

24. Are you familiar with the Court's individual rules of practice?

25. Do you understand that those rules govern the way criminal actions are handled at trial or any hearing in my courtroom, that you are bound by those rules, and that they will not be relaxed for your benefit?

26. Do you agree to abide by this Court's individual rules of practice if you proceed pro se in this case?

27. Do you understand that any statements you make in the course of representing yourself may be used by the government against you at trial or at any hearing related to this case?

28. Do you understand that there are certain dangers and disadvantages of representing yourself, including that you will have to abide by the same rules in court as lawyers do and, even if you make mistakes, you will be given no special privileges or benefits, and I will not help you?

29. Do you understand that the government is represented by trained, skilled prosecutors who are experienced in criminal law and court procedures?

30. Do you understand that, unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury?

31. Do you understand that, even if I appoint you standby counsel, that counsel will serve only as your legal advisor, and is unlikely to be in a position to take over for you during trial.

If, following this colloquy and any warnings the Court may choose to give concerning the risks of self-representation,[2] the defendant still indicates that he wishes to represent himself, the government respectfully requests that the Court conclude with the following questions:

32. In light of the penalties that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself that I have described to you, do you still wish to represent yourself and give up your right to be represented by a lawyer?

33. Is your decision entirely voluntary?

34. Has anyone threatened you or forced you to make this request to represent yourself?

Provided the defendant answers these questions in a manner indicating that he is knowingly and voluntarily choosing to represent himself, conscious of the risks involved, the government respectfully requests that the Court make findings of fact to that effect. See generally Benchbook for U.S. Dist. Court Judges (Mar. 2013), at 6-7; see also McKaskle v. Wiggins, 465 U.S. 168, 178-79 (1984) (holding that the "core of the Faretta right" is for "the pro se defendant . . . to preserve actual control over the case he chooses to present").

The government takes no position in the event the defendant seeks to have standby counsel appointed to assist him. However, the government notes that the defendant "has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but

---

[2] For example: "I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the [R]ules of [E]vidence. I strongly urge you not to try to represent yourself." Benchbook for U.S. Dist. Court Judges (Mar. 2013), § 1.02, ¶ 12.

may slip into pro se mode for selected presentations." United States v. Rivernider, 828 F.3d 91, 108 (2d Cir. 2016) (internal citation and marks omitted).

The government thanks the Court for its consideration of this letter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/Matthew F. Sullivan
Matthew F. Sullivan
Stephen H. Petraeus
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (SRU) (by ECF and Email)
Ezra Spilke, Esq. (by ECF and Email)
Sabrina P. Shroff, Esq. (by ECF and Email)