MWG:SHP/MFS
F. #2025R00489

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

      - against -

ANTHONY SALVATORE PERRI,

         Defendant.

– – – – – – – – – – – – – – – – – –X

PLEA AGREEMENT

25 CR 279 (SRU)
25 CR 366 (SRU)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States

Attorney's Office for the Eastern District of New York (the "Office") and ANTHONY

SALVATORE PERRI agree to the following:

1.      The defendant will plead guilty to Count One of the above-captioned

indictment in case number 25-CR-279 (SRU) ("Indictment 1"), charging a violation of 18 U.S.C.

§ 115(a)(1)(B).  The count carries the following statutory penalties:

      a.      Maximum term of imprisonment: 10 years
           (18 U.S.C. § 115(b)(4)).

      b.      Minimum term of imprisonment: None
           (18 U.S.C. § 115(b)(4)).

      c.      Maximum supervised release term: 3 years, to follow any term of
           imprisonment; if a condition of release is violated, the defendant
           may be sentenced to up to 2 years without credit for pre-release
           imprisonment or time previously served on post-release
           supervision
           (18 U.S.C. §§ 3583 (b) & (e)).

      d.      Maximum fine: $250,000
           (18 U.S.C. § 3571(b)(3)).



EXHIBIT
1
Plea Agreement

    e.    Restitution: Mandatory in the full amount of each victim's losses as determined by the Court, and as set forth below in paragraphs 7 through 12 (18 U.S.C. §§ 3663A and 3664).

    f.    $100 special assessment (18 U.S.C. § 3013).

2. In addition, the defendant stipulates and admits to the following conduct:

    a.    On or about August 2, 2025, within the Eastern District of New York and elsewhere, the defendant did knowingly and intentionally threaten to assault and murder a United States District Court Judge ("Judge-2"), with intent to impede, intimidate and interfere with such Judge while engaged in the performance of official duties and with intent to retaliate against such Judge on account of the performance of official duties, as charged in Count Two of Indictment 1; and

    b.    On or about August 2, 2025, within the Southern District of New York and elsewhere, the defendant did knowingly and intentionally threaten to assault and murder a United States District Court Judge ("Judge-3"), with intent to impede, intimidate and interfere with such Judge while engaged in the performance of official duties and with intent to retaliate against such Judge on account of the performance of official duties, as charged in the sole count of the indictment in case number 25-CR-366 (SRU) ("Indictment 2").

The defendant stipulates that the conduct described in this paragraph shall be considered by the Court pursuant to U.S.S.G. § 1B1.2(c) "as if the defendant had been convicted of additional count(s) charging those offense(s)."

3. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18

2

U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 21, which is predicated on the following Guidelines calculation:

<u>Threat against Judge-1 (Indictment 1 - Count One)</u>

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2A6.1) | | 12 |
| Plus: | Offense victim was a government officer and the offense was motivated by that status (U.S.S.G. § 3A1.2(b)) | <u>+6</u> |
| Total: | | 18 |

<u>Threat against Judge-2 (Stipulated Conduct)</u>

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2A6.1) | | 12 |
| Plus: | Offense victim was a government officer and the offense was motivated by that status (U.S.S.G. § 3A1.2(b)) | <u>+6</u> |
| Total: | | 18 |

<u>Threat against Judge-3 (Stipulated Conduct)</u>

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2A6.1) | | 12 |
| Plus: | Offense victim was a government officer and the offense was motivated by that status (U.S.S.G. § 3A1.2(b)) | <u>+6</u> |
| Total: | | 18 |

<u>Multiple Count Analysis (U.S.S.G. §§ 3D1.1 to 3D1.5)</u>

Highest Adjusted Offense Level: 18

| | Level | Units | |
|---|---|---|---|
| Count One | 18 | 1 | |
| Stipulated Conduct | 18 | 1 | |
| Stipulated Conduct | 18 | <u>1</u> | |
| Total | | 3 | |

Plus:  3 Levels (U.S.S.G. § 3D1.4) <u>+3</u>

Total Adjusted Offense Level <u>21</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 19 and a range of imprisonment of 30 - 37 months, assuming that the defendant falls within Criminal History Category I.  Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before March 6, 2026, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 18.  This level carries a range of imprisonment of 27 - 33 months, assuming that the defendant falls within Criminal History Category I.  The defendant stipulates to the above Guidelines calculation but reserves the right to argue that a decrease of four levels for each count pursuant to U.S.S.G. § 2A6.1(b)(6) is appropriate.

4.    The Guidelines estimate set forth in paragraph 3 is not binding on the Office, the Probation Department or the Court.  If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an

error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

5.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, (a) the conviction, (b) the incarceratory portion of the sentence in the event that the Court imposes a term of imprisonment of 37 months or below, (c) the duration of supervised release if it is less than or equal to the statutory maximum, or (d) any condition of supervised release about which the defendant has notice prior to sentencing and an opportunity to object.  This waiver is binding without regard to the sentencing analysis used by the Court.  The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute.  Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.  The defendant waives any right to additional disclosure from the government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 6(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.  The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

6.    The Office agrees that:

5

a.    no further criminal charges will be brought against the defendant for threatening to assault and murder Judge-1, Judge-2, and Judge-3 on or about August 2, 2025, as charged in Indictment 1 and Indictment 2, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining count of Indictment 1 and the sole count of Indictment 2 with prejudice;

and, based upon information now known to the Office, it will

b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 6(b) and 6(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 3 above; and (b) the provisions of paragraphs 6(a)-(c).

7.    Pursuant to 18 U.S.C. §§ 3663, 3663A and/or 3664, the defendant agrees to the entry of a restitution order, to be incorporated in the judgment, as provided in paragraph 1(e), above. The defendant understands that full restitution will be ordered regardless of the defendant's financial resources, and that an unanticipated amount of restitution will not serve as a ground to withdraw his guilty plea.

8.    The defendant further agrees: (a) to make full restitution, in the amount specified in the judgment, to all victims harmed by defendant's "relevant conduct," as defined by

6

U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A; (b) that any monetary penalties imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613; (c) that any schedule of payments imposed by the Court is merely a minimum schedule of payments and does not, in any way, limit other methods available to the United States to enforce or collect the judgment; (d) that, notwithstanding compliance with any Court-ordered payment schedule, the defendant shall participate in the Treasury Offset Program (TOP) in which any federal payment to which the defendant is otherwise entitled—such as an income tax refund or transfer of returned property—may be offset and applied to the defendant's federal debt; and (e) not to attempt to seek the discharge of any restitution obligation or monetary penalties, in whole or in part, in any present or future bankruptcy proceeding.

9.      To effect the collection of Court-ordered restitution and monetary penalties, the defendant further agrees: (a) within 20 days of execution of this plea agreement, to provide to the Office—subject to the penalties associated with false statements, the obstruction of justice or perjury, including 18 U.S.C. § 1001—a full and accurate disclosure of his financial affairs by providing a financial statement, which shall, among other things, identify all assets owned or held directly or indirectly by the defendant, (b) to identify all assets valued at more than $5,000 that have been transferred to third parties since the commencement of the criminal activity and/or the date of arrest, including the location of the assets and the identity of the third parties, (c) to notify the Office before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations, and (d) submit updated

7

financial statements to the Office—subject to the penalties specified above—on a yearly basis until the fine or restitution is paid in full or the liability terminates under 18 U.S.C. § 3613(b). See 18 U.S.C. §§ 3613, 3664(k) & (n). Such financial statements shall notify the Office of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, after the execution of this agreement, and any other change in the defendant's economic circumstances. Should litigation be required to collect payment of restitution, fines or special assessments, the United States may be entitled to recover an additional surcharge of 10 percent of the outstanding amount of debt pursuant to 28 U.S.C. § 3011.

10.    The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made, as required under 18 U.S.C. § 3572(d). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

11.    Upon request of the Office, the defendant shall submit to the Office copies of financial information that the defendant submits to the Probation Department, and/or the Internal Revenue Service. The defendant agrees to execute an Internal Revenue Service Tax Information Authorization Form 8821, upon request of the Office, until all of defendant's criminal debts including, but not limited to, restitution, fines and special assessments, have been fully satisfied.

12.    The parties will jointly recommend that, as itemized above, the defendant's (a) compliance with any court-ordered payment schedule, (b) notification to the

8

Office prior to the transfer of property, and (c) submission to the Office of updated financial statements, be made conditions of probation or supervised release. The defendant acknowledges that (a) his obligation to pay restitution is broader, including that the monetary penalties are due immediately and subject to immediate enforcement by the United States, and (b) all his restitution obligations will extend until the fine or restitution is paid in full or the liability terminates under 18 U.S.C. § 3613(b), which may be later than the date on which probation or supervised release ends.

13.     This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

14.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

9

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
     March 6    , 2026

<div style="margin-left:40%">

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: _____
Stephen H. Petraeus
Matthew F. Sullivan
Assistant United States Attorneys

Approved by:

_____
Michael W. Gibaldi
Supervising Assistant U.S. Attorney

</div>

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ANTHONY SALVATORE PERRI
Defendant

Approved by:

_____
Ezra Spilke, Esq.
Counsel to Defendant

10